UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CECIL A. BATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:05-CV-0289 PS |
| ) | |
| CECIL DAVIS, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Cecil Bates, a prisoner confined at the Indiana State Prison ("ISP"), submitted a complaint under 42 U.S.C. § 1983 alleging that prison officials improperly tested him for drugs in 2002. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Bates asserts that ISP officials required him to take a total of six drug screening tests between March and May of 2002. His complaint focuses on two of these tests — one conducted on April 13, 2002, and another in May 2002.[1] He alleges that Lieutenant Durham subjected him to racial profiling in scheduling him for testing in April 2002, that he was not shown the orders requiring him to take either test, that the paperwork for the May test showed conflicting dates, that the chain of custody paperwork was not properly filled out for either test, and that the samples were not sent to the lab until twenty-four hours after they had been taken. Mr. Bates also suggests that Captain Batchler tampered with at least one of the samples.

Mr. Bates states that the April test came back positive for drug use and the May test came back negative. He asserts that as a result of the positive urine test, the ISP Conduct Adjustment Board conducted a disciplinary hearing, found him guilty, and took thirty days of earned credit time from him. Mr. Bates states that he also lost his prison job as a result of being found guilty and that he suffered mental stress from having been racially profiled.

Mr. Bates appealed the disciplinary board's finding of guilt within the Indiana Department of Correction ("IDOC"), but the Superintendent and the IDOC reviewing authority upheld the board's decision. He also states in his complaint that he filed petitions for writs of habeas corpus challenging the loss of good time credits in *Cecil Albert Bates v. Cecil K. Davis*, 3:02-cv-561AS and *Cecil Albert*

---

[1] Mr. Bates alleges that he was tested once in May 2002, but the date of that test is unclear. In paragraph two of his complaint, Mr. Bates states that he was tested on May 7, 2002; in paragraph six he states that he was tested on May 3, 2002; and in paragraph three of his complaint he states that officials gave inconsistent dates (May 9 and 14, 2002) for this test.

*Bates v. Cecil K. Davis*, 3:02-cv-562AS.[2] The district court denied Mr. Bates's petitions and the United States Court of Appeals affirmed the denial of relief in both cases.

Mr. Bates brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress a violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). Mr. Bates may not seek restoration of good time credits in this action because habeas corpus is the exclusive remedy for obtaining restoration of good time credits. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973); *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990).

The incidents Mr. Bates complains of occurred in 2002. He signed his complaint in this case in July 2005, and this court received the complaint on August 2, 2005. Because there is no federal statute of limitations for actions filed pursuant to § 1983, courts apply the most appropriate state statute of limitations. *Bell v. City of Milwaukee*, 746 F.2d 1205, 1229 (7th Cir. 1984); *Johnson v. City of Fort Lauderdale*, 903 F.Supp. 1520 (S.D.Fla. 1995), *affirmed* 114 F.3d 1089 (11th Cir. 1997). Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." *Doe v. Howe Military School*, 227 F.3d 981, 987 (7th Cir. 2001); *see also Snoderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (Two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983"). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717,

---

[2] According to this court's records, 3:02-cv-561 AS dealt with a drug test in May 2002 in which Mr. Bates tested positive for use of marijuana; 3:02-cv-562 AS dealt with Mr. Bates's refusal on April 13, 2002, to provide a specimen to be tested. Mr. Bates lost earned good time credits as a result of both disciplinary proceedings.

718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994).

Mr. Bates correctly points out that he could not file a § 1983 action dealing with some of the claims he wishes to present in 2002 because *Heck v. Humphrey,* 512 U.S. 477 (1994), provides that if the remedy sought under § 1983 would require a finding or judgment that would have the effect of invalidating a conviction or sentence, the plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. The *Heck* doctrine applies to prison disciplinary hearings where a prisoner lost good time credits or was demoted in credit time earning classification. *Edwards v. Balisok*, 520 U.S. 641 (1997). Thus, Mr. Bates cannot file damage claims that would undermine the validity of the disciplinary board's finding of guilt until he has had the finding of guilt set aside.

Mr. Bates may not bring any claims in this case that were not barred by *Heck*, such as claims arising from any test that did not result in a loss of earned credit time or accusations of racial profiling, because they are barred by the statute of limitations. Mr. Bates likewise may not bring any claims in this case arising from the incidents that resulted in a loss of earned credit time because he has not had the findings of guilt set aside and thus such claims are still barred by *Heck*. To award damages to Mr. Bates on the drug screening tests that resulted in the loss of earned credit time would require a finding that the disciplinary board's findings of guilt were invalid.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the court **DISMISSES** this complaint.

**SO ORDERED.**

ENTERED: November 17, 2005

S/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT